The OfrirroN OF the Court. — In these cases, the court is ofopinion that the order or judgment of the circuit court, made at their June term 1805, quashing the capias ad-salisfaciendums, because they had issued on replevy bonds, and because they had been directed to Fayette county, in which the judgments had been obtained, when the replevy bonds had been taken in Fleming county, where Scott and his securities at this time resided, is erroneous.
At common law, an execution issued by a court having jurisdiction within, a limited territory or district, as a county, for example, could only be directed to the officer of that district, territory, or county, in which the judgments were obtained. And the law is yet so in this country, except so far as it has been changed by statutory provisions or our own or of Virginia, made prior to our separation from her. Although by the several acts of the Virginia and Kentucky legislatures, the plaintiff is permitted, in some instances, to send his execution to another county, none of them take away his common law right of issuing it to the county in which the judgment has been rendered ; and a former decision of this court shews that a capias ad satisfaci-endum may issue on a replevy bond.†
*123 This court is also of opinion that the last writs of fieri facias issued in these cases, bearing date on the 16th day of July 1805, were erroneously issued.
It appears that Scott’s body had been taken by the capias ad satisfaciendum, and committed to the jail of Fayette county ; the other two defendants not being-found.
It also appears that the jailer having required the plaintiff, Maupin, to pay the prison fees, or give security for the payment of them, Maupin gave the jailer a written notice (which is in the record) that he would not pay the prison fees, or give security, and that the jailer might turn Scott out of jail as. soon as he pleased. Whereupon the jailer discharged him. out of prison. After such imprisonment, and discharge by Maupin’s directions, a fieri facias could not regularly issue against Scott’s estate, without first suing out a scire facias. It is true Maupin in that notice expressly reserves to himself a right to issue an execution against Scott’s estate.
This can make his case neither better nor worse than it would have been without such reservation.
He had the right, if properly exercised, by issuing a scire facias, without any express reservation (a) ; but he could not by such reservation dispense with the necessity of pursuing the law.

 Or on a forthcoming bond. So decided in the cafe of Lynch, Roberts, &c. vs. Bullet, June 5th 1806 — Same point in Love vs. Clay, fall term 1808.
At common law no capias ad fatisfaciendutn could iiTue on a judgment on behalf <2 f a common perfon for debt, &c»Co$Lit« 290, 3 Co. Rep. Harbert’s cafe.

«) Añ¡> of !79f_7’ ” '